# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC. <br><br> Defendant. | CASE NO. 6:08-CV-440 <br><br> JURY |

## DEFENDANT GOOGLE INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Google Inc. ("Google") answers Aloft Media, LLC's ("Aloft") First Amended Complaint as follows:

## PARTIES

1. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. Google admits that Google Inc. is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that it may be served with process through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701. Google denies any remaining allegations of paragraph 2.

1

## JURISDICTION AND VENUE

3. These allegations set forth legal conclusions to which no response is required. Google admits that this action invokes the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims. Google denies any remaining allegations of paragraph 3.

4. Google admits that venue is proper in the Eastern District of Texas only for purposes of this particular action, and that its website is accessible in the Eastern District of Texas. Google denies any remaining allegations of paragraph 4.

5. Google does not contest personal jurisdiction in this District, solely for the purpose of this action. Google denies that it has committed acts of infringement within the Eastern District of Texas, or any other District. Google denies any remaining allegations of paragraph 5.

## PATENT INFRINGEMENT

6. Google admits that U.S. Patent No. 7,194,691 ("the '691 patent") is entitled "Network Browser Window with Adjacent Identifier Selector Interface for Storing Web Content" and bears an issuance date of March 20, 2007. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6, and therefore denies them.

7. Google admits that U.S. Patent No. 7,117,443 ("the '443 patent") is entitled "Network Browser Graphical User Interface for Managing Web Content" and bears an issuance date of October 3, 2006. Google is without knowledge or information sufficient to form a belief as the truth of the remaining allegations of paragraph 7, and therefore denies them.

8. Denied.

9. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. Denied.

## **PRAYER FOR RELIEF**

These paragraphs set forth the statement of relief requested by Aloft to which no response is required. Google denies that Aloft is entitled to any of the requested relief and denies any allegations.

## **AFFIRMATIVE DEFENSES**

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### **First Defense**

1. Google does not infringe and has not infringed (not directly, contributorily, or by inducement) any claim of the '691 patent or the '443 patent.

### **Second Defense**

2. The claims of the '691 patent and the '443 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, and 112 of Title 35 of the United States Code.

**Third Defense**

3. The claims of the '691 patent and the '443 patent are unenforceable, in whole or in part, by the doctrines of waiver and/or estoppel, including prosecution history estoppel.

**Fourth Defense**

4. The claims of the '691 patent and the '443 patent are unenforceable due to unclean hands.

**Fifth Defense**

5. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the asserted claims of the '691 patent and the '443 patent.

**Sixth Defense**

6. The owner of the '691 patent and the '443 patent has dedicated to the public all methods, apparatus, and products disclosed in the '691 patent and the '443 patent, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, or products.

**Seventh Defense**

7. Aloft's claim for damages, if any, against Google for alleged infringement of the '691 patent and the '443 patent are limited by 35 U.S.C. §§ 286 and 287.

**Eighth Defense**

8. This case is exceptional against Aloft under 35 U.S.C. § 285.

**Ninth Defense**

9. Aloft is not entitled to injunctive relief as it, at a minimum, has not suffered any alleged irreparable injury and has an adequate remedy at law.

### Tenth Defense

10. All of the accused Google products are licensed under at least the '691 patent and the '443 patent.

### COUNTERCLAIMS

Google, for its Counterclaims against plaintiff and upon information and belief, states as follows:

### THE PARTIES

1. Google Inc. ("Google") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

2. On information and belief, Aloft Media, LLC ("Aloft") is a limited liability company with its principal place of business at 100 Park Center Plaza, Suite 300 Room B, San Jose, California 95113.

### JURISDICTION AND VENUE

3. Subject to Google's affirmative defenses and denials, Google alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

4. This Court has personal jurisdiction over plaintiff.

### FACTUAL BACKGROUND

5. In its Complaint, Aloft asserts that Google has infringed U.S. Patent No. 7,194,691 ("the '691 patent") and U.S. Patent No. 7,117,443 ("the '443 patent").

6. Google does not infringe any valid and enforceable claim of the '691 patent or the '443 patent.

7. Consequently, there is an actual case or controversy between the parties over the '691 patent and the '443 patent.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,194,691

8. Google restates and incorporates by reference its allegations in paragraphs 1–7 of its Counterclaims.

9. An actual case or controversy exists between Google and Aloft as to whether the '691 patent is infringed by Google.

10. A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '691 patent.

11. Google has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '691 patent.

12. This is an exceptional case under 35 U.S.C. § 285 because Aloft filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,194,691

13. Google restates and incorporates by reference its allegations in paragraphs 1–12 of its Counterclaims.

14. An actual case or controversy exists between Google and Aloft as to whether the '691 patent is invalid.

15. A judicial declaration is necessary and appropriate so that Google may ascertain its rights as to whether the '691 patent is invalid.

16. The claims of the '691 patent are invalid under one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

17. This is an exceptional case under 35 U.S.C. § 285 because Aloft filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,117,443

18. Google restates and incorporates by reference its allegations in paragraphs 1–17 of its Counterclaims.

19. An actual case or controversy exists between Google and Aloft as to whether the '443 patent is infringed by Google.

20. A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '443 patent.

21. Google has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '443 patent.

22. This is an exceptional case under 35 U.S.C. § 285 because Aloft filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,117,443

23. Google restates and incorporates by reference its allegations in paragraphs 1–22 of its Counterclaims.

24. An actual case or controversy exists between Google and Aloft as to whether the '443 patent is invalid.

25. A judicial declaration is necessary and appropriate so that Google may ascertain its rights as to whether the '443 patent is invalid.

26. The claims of the '443 patent are invalid under one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

27. This is an exceptional case under 35 U.S.C. § 285 because Aloft filed its Complaint with knowledge of the facts stated in this Counterclaim.

## **PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment as follows:

a. A judgment dismissing Aloft's complaint against Google with prejudice;

b. A judgment in favor of Google on all of its Counterclaims;

c. A declaration that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claims of the '691 patent and the '443 patent;

d. A declaration that the '691 patent and the '443 patent are invalid;

e. A declaration that Aloft's claims are barred by the doctrines of laches, equitable estoppel, and/or waiver.

f. A declaration that the '691 patent and the '443 patent are unenforceable due to unclean hands.

g. A declaration that this case is exceptional and an award to Google of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

h. A judgment limiting or barring Aloft's ability to enforce the '691 patent and the '443 patent in equity;

i. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Google respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: June 5, 2009

Respectfully submitted,

By: */s/ Michael E. Jones* _____
Michael E. Jones
State Bar No. 10929400
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
(903) 597-8311
(903) 593-0846 (Facsimile)
mikejones@potterminton.com
allengardner@potterminton.com

Of Counsel:

Scott T. Weingaertner
sweingaertner@kslaw.com
Robert F. Perry
rperry@kslaw.com
Christopher C. Carnaval
ccarnaval@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANT GOOGLE INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 5th day of June, 2009. Any other counsel of record will be served via First Class U.S. Mail on this same date.

*/s/ Michael E. Jones*