IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **ALOFT MEDIA, LLC,**<br><br>    **Plaintiff,**<br>v.<br><br>**GOOGLE, INC.**<br><br>    **Defendant.** | **Civil Action No. 6:08-cv-440-LED**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S REPLY TO COUNTERCLAIMS OF GOOGLE, INC.

Plaintiff Aloft Media, LLC ("Aloft") responds to each of the numbered paragraphs of the counterclaims of Google, Inc. ("Google"), as set forth in its Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended Complaint ("Answer and Counterclaims"), as follows:

### THE PARTIES

1. Admitted.

2. Aloft admits that it is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, Texas 75601. Aloft denies the remaining allegations in paragraph 2.

### JURISDICTION AND VENUE

3. Aloft admits that this Court has subject matter jurisdiction. Otherwise, denied.

4. Admitted.

### FACTUAL BACKGROUND

5. Admitted.

6. Denied.

7. Aloft admits that an actual case or controversy exists for purposes of declaratory judgment jurisdiction but denies that Google's counterclaims have any merit whatsoever.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,194,691

8. Aloft admits that Google purports to incorporate by reference paragraphs 1-7 of its Answer and Counterclaims but denies the allegations in those paragraphs unless specifically admitted herein.

9. Aloft admits that an actual case or controversy exists for purposes of declaratory judgment jurisdiction but denies that Google's counterclaims have any merit whatsoever.

10. Aloft admits that Google contends that a judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '691 patent but denies that Google's counterclaims have any merit whatsoever.

11. Denied.

12. Denied.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,194,691

13. Aloft admits that Google purports to incorporate by reference paragraphs 1-12 of its Answer and Counterclaims, but Aloft denies the allegations in those paragraphs unless specifically admitted herein.

14. Aloft admits that an actual case or controversy exists for purposes of declaratory judgment jurisdiction but denies that Google's counterclaims have any merit whatsoever.

15. Aloft admits that Google contends that a judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '691 patent but denies that Google's counterclaims have any merit whatsoever.

16. Denied.

17. Denied.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,117,443

18. Aloft admits that Google purports to incorporate by reference paragraphs 1-17 of its Answer and Counterclaims but denies the allegations in those paragraphs unless specifically admitted herein.

19. Aloft admits that an actual case or controversy exists for purposes of declaratory judgment jurisdiction but denies that Google's counterclaims have any merit whatsoever.

20. Aloft admits that Google contends that a judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '443 patent but denies that Google's counterclaims have any merit whatsoever.

21. Denied.

22. Denied.

## COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,117,443

23. Aloft admits that Google purports to incorporate by reference paragraphs 1-22 of its Answer and Counterclaims, but Aloft denies the allegations in those paragraphs unless specifically admitted herein.

24. Aloft admits that an actual case or controversy exists for purposes of declaratory judgment jurisdiction but denies that Google's counterclaims have any merit whatsoever.

25. Aloft admits that Google contends that a judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '443 patent but denies that Google's counterclaims have any merit whatsoever.

26. Denied.

27. Denied.

Aloft denies that Google is entitled to any relief, and specifically denies that Google is entitled to any of the relief requested in paragraphs a-i of Google's Prayer for Relief.

WHEREFORE, Aloft respectfully requests that this Court enter judgment denying and dismissing Google's counterclaims, and that the Court enter judgment in favor of Aloft as requested in Aloft's First Amended Complaint.

Dated: June 22, 2009                                    Respectfully submitted,

                                                                                        /s/ Matt Rodgers
Eric M. Albritton
Texas Bar No. 00790215
Adam A. Biggs
Texas Bar No. 24051753
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com
aab@emafirm.com

Craig Tadlock
Texas State Bar No. 00791766
TADLOCK LAW FIRM
311 Touchdown Drive
Irving, Texas 75063
Telephone: (214) 663-4900
craig@tadlocklawfirm.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P O Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas Bar No. 24041802
Christopher N. Cravey
Texas Bar No. 24034398
Matthew R. Rodgers
Texas Bar No. 24041802
Michael A. Benefield
Indiana State Bar No. 24560-49
WILLIAMS, MORGAN &
AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com
ccravey@wmalaw.com
mrodgers@wmalaw.com
mbenefield@wmalaw.com

ATTORNEYS FOR PLAINTIFF ALOFT
MEDIA, LLC

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 22nd day of June, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile and or U.S. Mail on this same date.


                                        /s/ Connie Kuykendall_____
                                        Connie Kuykendall