# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>GOOGLE INC.<br><br>      Defendant. | CASE NO. 6:08-CV-440 [JDL]<br><br>JURY |

## **GOOGLE'S MOTION TO COMPEL COMPLIANCE WITH PATENT RULE 3-1**

Defendant Google Inc. ("Google") respectfully moves this Court to compel compliance by Plaintiff Aloft Media, LLC ("Aloft") with Local Patent Rule 3-1. Aloft's infringement contentions served on May 22, 2009 fail to meet the standards set forth in the Local Patent Rules. In particular, while many asserted claims explicitly require use of computer code, Aloft's infringement contentions do not contain any citation to the *publicly available* computer code for the accused instrumentalities. Moreover, Aloft does not specify which particular products or versions are being accused, even though such information is *publicly available*. As such, Google cannot determine the scope of Aloft's infringement allegations and is further unable to understand from the allegations whether third party computer code is implicated. Google therefore requests an order compelling Aloft to serve patent infringement contentions "identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." *See* P.R. 3-1(c).

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Aloft filed its Complaint against Google on November 19, 2008 alleging infringement of U.S. Patent No. 7,194,691 ("the '691 patent"). (*See Original Complaint for Patent Infringement*, Dkt. 1.) Aloft filed an amended Complaint on May 22, 2009 which additionally alleged infringement of U.S. Patent No. 7,117,443 ("the '443 patent"). (*See First Amended Complaint for Patent Infringement*, Dkt. 37.) Aloft also served its infringement contentions with two claim charts on May 22, 2009. (*See* Ex. 1, *Plaintiff Aloft Media LLC's Patent Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions and Rule 3-2 Disclosure* ("PICs").[1]) Google sent a letter to Aloft on June 24, 2009 outlining deficiencies with Aloft's PICs but received no response. (*See* Ex. 2, June 24, 2009 Letter from S. Weingaertner to D. Williams.) The parties held a meet and confer on July 23, 2009. Google requested that Aloft amend its PICs to comply with the Local Patent Rule but Aloft refused to do so.

**1.  The Patents at Issue**

In its PICs, "Aloft contends that the Google Chrome Browser marketed by Google incorporates each of the inventions described by claims 1, 17, 18 and 21 of the '691 patent; and claims 36 and 37 of the '443 patent." (PICs at ¶ 6.) Claim 21 of the '691 patent states:

> 21. A computer program product embodied on a computer readable medium for use in association with a network browser, comprising:
>
> > <u>computer code</u> for displaying a plurality of identifiers adjacent to a window in which content associated with uniform resource locators (URLs) is displayed, in association with a network browser for browsing content on a network including the Internet;
> >
> > <u>computer code</u> for allowing a user to pre-select at least one of the identifiers; and

---

[1] All references to "Ex. __." are Exhibits attached to the Declaration of Robert F. Perry ("Perry Decl."), submitted with this motion. These Exhibits are numbered 1 through 10.

> computer code for correlating selected displayed content with the pre-selected identifier in a manner that is dependent on the pre-selected identifier which is distinct with respect to the URLs.

(*See First Amended Complaint for Patent Infringement*, Dkt. 37, at Exhibit A (emphasis added).)

Claims 36 and 37 of the '443 patent state:

> 36. A computer program product embodied on a computer readable medium for displaying a network browser graphical user interface for storing content in association with a network browser, comprising:
>
>> computer code for working in conjunction with a network browser window associated with a network browser for displaying Internet content associated with uniform resource locators (URLs) during network browsing; and
>>
>> computer code for displaying a plurality of identifiers in a window separate from the window in which the content is displayed;
>>
>> wherein a user is allowed to pre-select one of the identifiers which is separate from the URLs;
>>
>> wherein, after the pre-selection, selected content associated with at least one of the URLs displayed during use of the network browser is correlated with the pre-selected identifier in a manner that is dependent on a selection of the pre-selected identifier which is separate from the URLs, and stored;
>>
>> wherein the identifiers are capable of being manually entered by the user;
>
> wherein any content selected during use of the network browser results in automatic correlation of the content with the manually entered, pre-selected identifier which is separate from the URLs.
>
> 37. A computer program product embodied on a computer readable medium for displaying a network browser graphical user interface, comprising:
>
>> computer code for working in conjunction with a network browser window associated with a network browser for displaying Internet content associated with uniform resource locators (URLs) during network browsing; and
>>
>> computer code for displaying a plurality of identifiers in a portion of the network browser graphical user interface to the side of the window in which the content is displayed;

> wherein a user is allowed to pre-select at least one of the identifiers in the portion of the network browser graphical user interface to the side of the window in which the Internet content associated with the URLs is displayed, in association with the network browser;
>
> wherein, after the pre-selection, selected content associated with at least one of the URLs displayed during use of the network browser is correlated with the pre-selected identifier in a manner that is based on the pre-selected identifier which is distinct with respect to the URLs, and stored;
>
> wherein the pre-selected identifier is distinct with respect to the URLs and is capable of being manually modified by the user utilizing a user-selectable object adapted for modifying.

(*See First Amended Complaint for Patent Infringement*, Dkt. 37, at Exhibit B (emphasis added).)

### 2. The Product at Issue

Aloft's PICs appear to accuse a Google Chrome Browser of patent infringement, but they make no reference to the specific product or version at issue. In particular, there are different Chrome Browser products for Microsoft's Windows, Apple's Mac OS X and Linux which contain different implementations and are specific to each respective operating system. (*See, e.g.,* Ex. 3, http://blog.chromium.org/2009/06/google-chrome-sandboxing-and-mac-os-x.html (discussing different security implementation architectures for each operating system).) Moreover, certain versions of the Chrome Browser products for Mac OS X and Linux lack features found in the Chrome Browser product that is available for Windows. (*See* Ex. 4, http://dev.chromium.org/getting-involved/dev-channel.)

Aloft's PICs also fail to identify any source code, even though the Chrome Browser source code is, and has been, publicly and freely available. Before the filing of this suit, a September 2, 2008 press release from Google regarding the launch of its Chrome Browser noted that "Google Chrome is being released as an open source project under the name Chromium."

(*See* Ex. 5, http://www.google.com/intl/en/press/pressrel/20080902_chrome.html.) The press release also directed those interested in more information about the Chrome source code to the Chromium website at www.chromium.org. (*See id.*)

According to the Chromium website, "Google Chrome is built with open source code from Chromium." (*See* Ex. 6, http://dev.chromium.org/getting-involved.) Visitors can – at no cost – "get Chromium's source code." (*See* Ex. 7, http://code.google.com/chromium/.) The Chromium website includes detailed instructions for downloading and accessing the source code and build files on the Windows, Mac OS X, or Linux platforms. (*See* Ex. 8, http://dev.chromium.org/developers.) The same website also provides a wealth of information and documentation about the source code as well as discussion groups and FAQs for issues relating to the Chromium code. (*Id.*) The website makes technical presentation videos available for free and on-demand. (*Id.*) The website even offers "Engineering design docs" and "User experience design docs." (*Id.*)

Despite the public availability of the source code and technical documentation for the Chrome Browser product, Aloft's claim charts make no reference to any computer code, even though many elements of the asserted claims specifically require "computer code."

## II.   ARGUMENT

### 1.   Aloft Fails to Identify the Accused Computer Code

Plaintiff's PICs must provide "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality" (P.R. 3–1(c) (emphasis added)), including, with respect to elements in the asserted claims that require "computer code," the identification of allegedly infringing computer code. "When information is publicly available, the Patent Rules require plaintiffs to set forth specific theories of infringement at the outset of the case." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006)

(Davis, J.) (citing *Am. Video Graphics*, 359 F. Supp. 2d at 560). "[I]n software cases, the Court has recognized the pragmatic limitation on detailed Rule 3-1 Disclosures <u>when plaintiffs do not have the necessary access to non–public software</u>, which is needed to make detailed infringement contentions." *Id*. (citing *Am. Video Graphics*, 359 F. Supp. 2d at 560) (emphasis added). Source code detailing the functionality of the Chrome Browser is, and has been, readily available to Aloft since before this suit was filed and there is no excuse for the lack of detailed PICs identifying the specific computer code alleged to infringe the asserted claims of the '691 and '443 patents. *Id*. ("Before bringing suit, plaintiffs are expected to rigorously analyze all publicly available information, and early in the case plaintiffs must explain their infringement theories in detail" (citing *Am. Video Graphics*, 359 F. Supp. 2d at 528); *see also Connectel, LLC v. Cisco Systems, Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (Davis, J.).)

During the meet and confer held on July 23, 2009, Aloft's counsel stated that it was Aloft's position that although the claims require use of computer code, it was sufficient for Aloft to utilize screenshots of the Chrome Browser rather than cite to actual computer code used in an accused product.[2] This approach, however, fails to satisfy the requirements of P.R. 3-1(c) in detailing Plaintiff's specific theories of infringement, at least because it is impossible to tell from the allegation where the "computer code" pertaining to each element resides. Thus, the Plaintiff's contentions fail to give Google proper notice of the allegation because it is impossible to ascertain whether the "computer code" required by many of the claim limitations is implemented by computer code for the Chrome Browser or is actually implemented by third party code, such as the computer code used for the operating system itself. By not indentifying any computer code Plaintiff plainly fails to meets its duty to examine all public information

---

[2] *See* Perry Decl. at ¶ 2.

available to it and identify "*where* each element of each asserted claim is found within each Accused Instrumentality" as explicitly require by P.R. 3-1(c) (emphasis added).

### 2. Aloft Fails to Identify the Accused Products

As noted above, Aloft's PICs fail to identify which Chrome Browser products are at issue. In particular, there are separate Chrome Browser products for Microsoft Windows, Apple Mac OS X and Linux which contain different implementations that are specific to each respective operating system. Aloft provides only one claim chart for each of the '691 and '443 patents and does not specify the specific Chrome Browser product or specific versions accused. (*See generally* Ex. 1, Exhibits A and B to Aloft's PICs.) Under Patent Rule 3-1(b), however, Aloft must identify, "each accused [] product . . . ('Accused Instrumentality')." During the meet and confer held on July 23, 2009, Aloft's counsel stated that it was appropriate to submit a single representative chart covering every Chrome browser and that Aloft did not intend to recite a list of specific accused browser products by version number or model number.[3]

Under Patent Rule 3-1(c), Aloft is required to provide "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality" (emphasis added). Thus, to the extent that more than one product is accused, each product must be identified and the claims of infringement for each distinct product must be set forth in Aloft's claim charts. Aloft's failure to identify with specificity the "computer code" required by various claims is compounded by it's failure to distinguish between various Chrome Browser products. This position ignores differences in underlying computer code relating to the operating systems of various devices as reflected in the different Chrome Browser products. Thus Aloft implicitly relies on its own failure to identify with specificity any computer code and where it resides as a

---

[3] *See* Perry Decl. at 2.

7

justification for not having to distinguish between different Chrome Browser products because if Aloft provided the requisite details, differences in Chrome Browser products would be apparent.

### 3. Aloft Fails to Identify the Accused Versions

For each successive version of Chrome, Google posts public release notes listing all of the changes made. (*See generally*, Ex. 9, http://sites.google.com/a/chromium.org/dev/getting-involved/dev-channel/release-notes?offset=40.) Many changes relate to the accused bookmarking functionality in the Chrome Browser. (*See id.* (Release Notes: 0.2.152.1 ("r1838 Allows chrome menu items and bookmarks bar menu items to be selected with right-click"); Release Notes: 0.2.153.1 ("r2413 Allow multiple bookmarks to refer to the same URL (which can be useful if you want a bookmark on the bookmarks bar and also saved under Other bookmarks). To get a new bookmark for a URL, either drop a link on the bookmarks bar (not by dragging the star) or right-click the Bookmarks bar and choose Add page. . ."); Release Notes: 0.4.154.18 ("Bookmark manager with import/export. Use the 'Customize and control Google Chrome' (wrench) menu to open the Bookmark manager. You can search bookmarks, create folders, and drag and drop bookmarks to new locations. The Bookmark Manager's Tools menu lets you export or import bookmarks."); Release Notes: 0.4.154.22 ("766 Folders you add to the bookmarks bar do not show up in the New bookmark folder list").)

Particular functionalities that Aloft accuses of infringement may not have been implemented in earlier versions of the Chrome Browser. In addition, newer versions may incorporate changes wherein the Chrome Browser no longer operates in the accused manner. It is therefore imperative that Aloft specify which versions stand accused. *See* Patent Rule 3-1(b) ("This identification shall be as specific as possible"). Given the public release notes and other related information posted on Google's website, Aloft is capable of specifying which versions

stand accused and possess the functionality that it is accusing. *See Orion IP*, 407 F. Supp. 2d at 817 ("Before bringing suit, plaintiffs are expected to rigorously analyze all publicly available information, and early in the case plaintiffs must explain their infringement theories in detail" (citing *Am. Video Graphics*, 359 F. Supp. 2d at 528).)

Aloft's PICs do not make any specific allegation that all Chrome Browser products and versions are accused nor do they provide any basis for a belief that all versions and products would operate in a similar manner with respect the elements of the claims. Moreover, the PICs do not address any of the distinctions between the Windows, Mac OS X and Linux products, nor do they account for variations between the different Chrome versions. In many instances, differences between products and versions could affect the basis for Aloft's allegations and would likely be revealed if Aloft were to provide the requisite specificity in its PICs.

4. **Aloft's Failure to Comply with the Patent Rules is Prejudicial to Google**

The lack of crucial details in Aloft's PICs leaves Google guessing about what computer code has actually been accused and which products or versions are at issue. Further, based on the screen shots presently shown in Aloft's PICs, and upon information and belief, the functionality accused for some elements may be performed by third party code not made by Google, but rather by operating system software made by Microsoft and others. To make clear, what computer code is actually being accused of carrying out the elements of each claim, and to comply with the Patent Rules it is necessary to identify which code – and whose code – carries out each element.

Because the products and version can rely on different operating system software and contain different functionality, Aloft's reliance on screen shots for an unidentified version of one Chrome Browser product falls well short of meeting its burden to identify with specificity where

each element is performed in each Accused Instrumentality, particularly when the source code for the various products and versions is readily available. Plaintiff bears the burden on infringement and has particular obligations under the Patent Rules to analyze all publicly available information prior to submitting its PICs. Aloft should not be allowed to make a single blanket allegation at a high level when it has the requisite information at its disposal to comply with its duties under the Patent Rules, which require plaintiffs to provide infringement contentions that ensure "the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for Markman, summary judgment, trial, and beyond." *Linex Techs. Inc. v. Belkin Int'l, Inc.*, No. 2:07-cv-222, 2008 U.S. Dist. LEXIS 70885 at *10 (E.D. Tex. Sept. 19, 2008) (Love, M.J.) (quoting *Connectel*, 391 F. Supp. 2d at 527) (ordering Plaintiff to supplement using all non-proprietary information to particularly point to the portion of each Accused Product which is asserted to perform the function described in each claim limitation and delineate how the function is asserted to be performed by each Accused Product) (Ex. 10).

### III. CONCLUSION

For the foregoing reasons, Google respectfully request that this Court compel Aloft to provide supplemental infringement contentions within 10 days from entry of the Court's order that:

(1) specify which of the Chrome Browser products are accused with independent claim charts for each identified product;

(2) identify the accused product versions for each Chrome Browser product; and

(3) identify where in the publicly available Chrome Browser computer code the "computer code" elements in the asserted claims are found.

July 24, 2009                                         Respectfully submitted,


                                                      */s/ Michael E. Jones*
                                                      Michael E. Jones
                                                      State Bar No. 10929400
                                                      mikejones@potterminton.com
                                                      Allen F. Gardner
                                                      State Bar No. 24043679
                                                      allengardner@potterminton.com
                                                      POTTER MINTON
                                                      A Professional Corporation
                                                      110 N. College, Suite 500 (75702)
                                                      Tyler, Texas 75710
                                                      Telephone: (903) 597-8311
                                                      Facsimile: (903) 593-0846

                                                      Robert F. Perry
                                                      rperry@kslaw.com
                                                      Scott T. Weingaertner
                                                      sweingaertner@kslaw.com
                                                      Christopher C. Carnaval
                                                      ccarnaval@kslaw.com
                                                      Steven T Snyder
                                                      ssnyder@kslaw.com
                                                      KING & SPALDING LLP
                                                      1185 Avenue of the Americas
                                                      New York, NY 10036-4003
                                                      Telephone: (212) 556-2100
                                                      Facsimile: (212) 556-2222

                                                      **ATTORNEYS FOR DEFENDANT
                                                      GOOGLE INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 24, 2009. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel has complied with the meet and confer requirements in Local Rule CV-7(h). Defendants' issues with Plaintiff's infringement contentions were raised in earlier communications between the parties' counsel. A teleconference was held on July 23, 2009 between Michael Jones, Robert Perry, Scott Weingaertner and Steven Snyder for Defendants and Eric Albritton and Danny Williams for Plaintiff. The parties conferred regarding the motion, after which Plaintiff's counsel refused to supplement Aloft's infringement contentions. As such, the relief sought by Defendants in this motion is opposed by Plaintiff.

*/s/ Michael E. Jones*
Michael E. Jones